LOUISA FRANKLIN, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ.

In the Matter of the Application of the BRONX PARKWAY COMMISSION to Acquire Title to Lands of FREDERICK W. KRAFT and Others.— Appeal touching award for parcel No. 1, sheet 10, for lands formerly of Kraft, now deceased, is held to await proper substitution of his personal representatives as respondents on this appeal. (*Shepard* v. *Manhattan R. Co.*, 117 N. Y. 442; *Mitchell* v. *M. E. R. Co.*, 134 id. 11.) Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

In the Matter of the Application of WILLIAM F. MESSITER, Appellant, for an Order Directing JOHN T. LOEW, an Attorney, Respondent, to Pay over Certain Moneys.— Order affirmed, with ten dollars costs and disbursements. The evidence presented to the court by the affidavits justified the court in denying the motion for this extraordinary relief. If the plaintiff has a claim against the attorney it can be enforced in an action at law. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

HARRY I. JOHNSON, Respondent, v. EDWIN G. BABCOCK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

JOSEPH H. McGUINNESS, an Infant, by JAMES C. McGUINNESS, His Guardian ad Litem, Appellant, v. JOHN H. PLATE, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide the event. We think plaintiff's evidence presented a *prima facie* case of negligence. Whether the explanation of the cause of the horse running away was sufficient to meet this *prima facie* case and to absolve defendant from the charge of negligence was for the jury in the first instance, subject to the power and duty of the learned trial justice to set the verdict aside, if he deemed it against the evidence. The defendant and his driver were both interested witnesses and their credibility was for the jury. We also refer to the fact that there was no warrant for the entry of a judgment dismissing the complaint upon the merits. The complaint was not dismissed upon the merits, and the extract from the minutes upon which the clerk entered the judgment contained no statement to that effect. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

MICHAELANGELO MONTAGNINO, Respondent, v. SALVATORE MINOLFI, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Blackmar, Kelly and Jaycox, JJ.

LEONARD NOREEN, an Infant, by OSCAR NOREEN, His Guardian ad Litem, Respondent, v. WILLIAM VOGEL & BROTHERS, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

CHARLOTTE I. ROBBINS, as Administratrix, etc., of FLOYD Y. ROBBINS, Deceased, Respondent, v. CHARLES NATHAN, Appellant.— Judgment and order reversed, and complaint unanimously dismissed, with costs, on authority of *Robbins* v. *Nathan* (189 App. Div. 827), decided herewith. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.